UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDRE R. LOCKE, Sr.,<br><br>Defefndant. | Case No.: ~~CR0005-001~~ CR02-5 DWF/AJB<br>CV04-5102 DWF |

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF HIS MOTION FILED PURSUANT TO TITLE
28 U.S.C. § 2255

---

Defendant, **ANDRE R. LOCKE, Sr.**, presents this, his Memorandum of Law and Points of Authorities in Support of Jurisdiction and Motion to Vacate, Set Aside, or Correct a Sentence previously imposed by this Honorable Court.

## JURISDICTION

Defendant would anticipate an objection on the part of the government as to this Court's jurisdiction and authority to hear the instant motion. Defendant asserts that this Court does have jurisdiction to hear this matter pursuant to 28 U.S.C. § 2255.

The anticipated objection has genesis in the April 1996 Amendment to 28 u.S.C. § 2255, which provides:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;



SCANNED
DEC 29 2004
U.S. DISTRICT COURT ST. PAUL

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactiviely applicable to cases on collateral review; or
>
> (4) the date on which the facts support the claim or claims presented could have been discovered through the exercise of due diligence."

AEDPA § 105, 110 Stat. at 1220 (codified as part of 28 U.S.C. § 2255). Because Defendant's § 2255 motion is being filed after April 24, 1996, the effective date of AEDPA, it is governed by AEDPA. See: United States v. Loudner, 203 F.Supp.2d 1083, 1093 (D.S.D. 2002)(AEDPA would govern Petitioner's motion because it is presently being filed after April 24, 1996).

Defendant's conviction and sentence became "final" on March 6, 2003, the date on which he was sentenced. Defendant did not take an appeal to the Eighth Circuit Court of Appeals nor did he petition the Supreme Court for a Writ of Certiorari from the Judgment of the District Court.

Prior to the April 1996 Amendment to 28 U.S.C. § 2255, a motion for relief under this section could be filed by a federal prisoner at any time.

In particular, AEDPA's gatekeeping rules require a federal prisoner seeking to file a § 2255 motion to do so within one year from the date on which his judgment of conviction becomes final unless one of three exceptions apply. 28 U.S.C. § 2255(1).

It is the Defendant's position that § 2255 ¶ (4) is applicable

to his present motion. In the case of Loudner, the court reasoned that, when determining § 2255(4), the court says:

> "Section 2255(4) is not a tolling provision that extends the length of the available filing time by excluding certain periods that post-date the start of the limitations clock from the calculation of how much time has run. Rather it resets the limitations period's beginning date, moving it from the time when the conviction became final, see § 2255(1), to the later date on which the particular claim accrued." Wims v. United States, 225 F.3d 186, 190 (2nd Cir. 2000).

In the instant case, Defendant contends that the proper task in a case such as this one, the court says in Loudner, is to determine when a duly dlilgent defendant, such as he, would have discovered the circumstances under which he now alleges that the imposition of an enhanced sentence on the basis of judge-found facts violates his Sixth Amendment rights. After a discovery date has been determined, the defendant must file his motion within one year of that date.

A petition under § 2255 must be filed in the sentencing court, where the sentence was imposed. Hill v. United States, 368 U.S. 424 (1962).

One in federal custody may move the sentencing court for relief if his incarceration is unlawful. 28 U.S.C. § 2255. The court upon receipt of the petition is initially required to determine whether the claims have merit. Id. It does so by reviewing the record. United States v. Counts, 691 F.2d 348, 349 (7th Cir. 1982); see also Federal Rules of Criminal Procedures, rules governing section 2255 proceedings Rule (4).

Of particular note, a prompt evidentiary hearing must be granted if the record fails to negate the allegations. Nielson v.

Hopkins, 58 F.3d 1331, 1334 (8th Cir. 1995); United States v. Schmitz, 887 F.2d 843, 844 (8th Cir. 1985)(per curiam). If the court does not dismiss the motion, the court must order the United States attorney to file an answer. Section 2255 rule, supra, note (1), Rule 4(b).

The court may then order expansion of the record to include additional materials relevant to determine the merits of the motion. Section 2255 Rules, supra, note (1), Rule 7(a). After review of the earlier proceedings and examination of the expanded record, the court must determine whether and evidentiary hearing is required. Section 2255 Rules, supra, note (1), Rule 8(a); also see Sanders v. United States, 373 U.S. 1, 19-20 (1963).

The "due diligence" requirement should be considered in light of the totality of the circumstances presented including the defendant's confinement in prison and any special restrictions that incarceration may impose. Loudner, Id. at 1092; citing Wims, 225 F.3d at 190; citing: Easterwood v. Champion, 213 F.3d 1321, 1323 (10th Cir. 2000). This requirement applies to those who could not discover the facts supporting the claims, not those who "sleep on their rights." See,e.g., Fisher v. Johnson, 174 F.3d 710, 715 & n.14 (5th Cir. 1999), cert. denied, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001). The requirement though does not convey a statutory right to an extended delay while the defendant gathers every possible scrape of evidence that might, by negative implication, support his claim. Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998). "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when

the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 & n.3 (9th Cir. 2001).

Defendant's instant motion is premised on the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004), which holds that the imposition of an enhanced sentence on the basis of judge-found facts violates a defendant's Sixth Amendment rights.

Defendant's instant motion challenges his sentence on the grounds that the sentencing guidelines violate the Sixth Amendment insofar as they permit the judge to find facts (other than facts relating to a defendant's criminal history) that determine the defendant's sentencing range.

The underlying facts of Blakely, as outlines herein, are critical for understanding the application of that decision to the federal sentencing guidelines scheme. Blakely, charged by the state of Washington with first-degree kidnapping, reached a plea agreement with the prosecutor whereby Blakely pled guilty to second-degree kidnapping involving domestic violence and use of a firearm in exchange for the prosecutor's dismissal of the first-degree kidnapping charge. Washington state has a guideline sentencing scheme that provides two kinds of statutory sentence maxima for each offense. First, because second-degree kidnapping is a class B felony, Blakely could not be sentence to more than 10 years imprisonment. Second, under the scheme engendered by a Washington state reform act, there is a standard or presumptive sentencing range of 49 to 53 months.

The first statutory maximum, 10 years, sets an absolute limit beyond which the sentencing judge cannot go. The second

statutory maximum, 53 months (i.e., the high end of the presumptive sentencing range), is not an absolute limit; rather, the sentencing judge can adjust the sentence upward if the judge finds one or more of the statutorily-enumerated aggravating factors (or an analogous factor) to be present in the case. Such an upward adjustment or "exceptional sentence" is legal only of the judge explicity finds an aggravating factor apart from the elements found by the jury during the guilt phase of the case.

In Blakely's case, the Washington state judge, rejecting the prosecutor's recommendation of months, found that Blakely had acted with deliberate cruelty, one of the statutorily-enumerated aggravating factors. On the basis, the judge adjusted Blakely's sentence upward by 37 months for a final sentence of 90 months. Blakely appealed, citing Apprendi v. New Jersey, 530 U.S. 466 (2000) for the proposition that 37 months could not be tacked on his presumptive sentence maximum unless the fact supporting the additional increment of punishment was found by a jury beyond a reasonable doubt.

The Supreme Court agreed with Blakely, concluding that the upward adjustment of the Washington state scheme violated the constitutional rule of Apprendi: "Other than the fact of a prior conviction, and fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Blakely court noted that the court's precedents clarified what the term "statutory maximum" means for Apprendi purposes: "The maximum sentence a judge may impose (solely on the basis of the facts reflected

in the jury verdict or admitted by the defendant). Applying this definition of "statutory maximum," the Blakely court made it very clear that in guideline systems such as the Washington state scheme that contain two types of statutory maxima (e.g.,in Blakely's case, there was a 10-year maximum because the offense of conviction was a Class B felony and a 53-month maximum because that was the high end of the presumptive sentence range for the offense of conviction), the Apprendi rule applies to the lower statutory maximum:

> In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose (without) any additional findings.

Id. Because the Washington state sentencing judge could not impose a sentence above 53 months unless he explicity found one or more additional facts, the Apprendi rule applied to the 53-month maximum. Thus, Blakely held that the imposition of an enhanced sentence on the basis of judge-found facts violates the Sixth Amendment.

In the present case, Defendant pled guilty to Count One of the government's indictment, 18 U.S.C. 2113(a), Bank Robbery (Exhibit A). On motion from the United States Count Two of the Indictment was Dismissed: § 2B3.1(b)(5), Car Jacking. On March 6, 2003, Defendant was sentenced to 78 months pursuant to a based offense level of 31 based on the recommendation of the Presentence Investigation Report. (Exhibits B & C).

Here, Defendant only pled guilty to Count One of the government's indictment. On the basis of this admission alone, the maximum sentence under the Guidelines that the Court could have imposed - without any further findings - would have been 24-30 months, given a base offense level of 17, with the 3-level reduction for diminished capacity.

In the Defendant's case, instead, this Court imposed a sentence of 78 months, based on a base offense level of 31, a three-level upward enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(E) as the Defendant brandished and possessed a dangerous weapon, a three-level reduction for diminished capacity, a two-level upward enhancement pursuant to 2B3.1(b) as the property of a financial institution was taken, a two-level increase pursuant to § 2B1.1(b)(5) for car jacking, and a two-level upward enhancement pursuant to § 3C1.2, for Obstruction of justice, which far exceeded the maximum sentence that the Court could have imposed simply on the basis of facts admitted by Defendant. This language directly parallels the language by the Supreme Court in the case of Blakely, which held the sentencing process to be unconstitutional. Therefore, Defendant contends that his sentence must be vacated in light of the Supreme Court's decision in Blakely, which held that "the imposition of an enhanced sentence on the basis of judge-found facts violates the Sixth Amendment."

## CONCLUSION

**WHEREFORE**, premised upon this Honorable Court's consideration, Defendant respectfully requests the Court to vacate his sentence

and remand his case for resentencing in light of Blakely, because the imposition of the enhanced sentence that he received on the basis of judge-found facts violated his Sixth Amendment rights to the Constitution of the United States of America.

Respectfully submitted,

Andre R. Locke Sr.

Andre R. Locke, Sr.