UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 02-5(DWF/AJB)
Civil No. 04-5102 (DWF)

| | | |
|---|---|---|
| ANDRE R. LOCKE, SR., Petitioner, | ) | |
| v. | ) | GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, Respondent. | ) | |

The United States of America, through its attorneys, Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Assistant United States Attorney Joseph T. Dixon, III, submits the following opposition to Petitioner's Section 2255 motion.

Federal inmate Andre R. Locke, Sr. is incarcerated at the Federal Correctional Institution in Waseca, Minnesota. He is currently serving a 78 month prison term imposed by this Court for violating 18 U.S.C. § 2113(a) (bank robbery). The sentencing was a result in part of findings made by the district court following an evidentiary hearing with respect to a car jacking of the getaway vehicle.

On or about December 29, 2004, the government received a copy of Petitioner's Motion Under 28 U.S.C § 2255.

## ARGUMENT

I. THE PETITION SHOULD BE DENIED.

A. *Blakely* Does Not Apply To The Federal Sentencing Guidelines

Defendant moves this Court for relief, claiming her conviction violated the Sixth Amendment based on the Supreme Court's decision

in Blakely v. Washington, 124 S.Ct. 2531 (June 24, 2004). As expressly noted by the Supreme Court in its opinion, Blakely did not address the United States Sentencing Guidelines or overrule the long string of Supreme Court cases upholding the constitutionality. This issue -- as to whether Blakey v. Washington, 124 S.Ct. 2531 (2004), applies to the Sentencing Guidelines -- is now before the United States Supreme Court in two consolidated cases which were argued on October 4, 2004: United States v. Booker and United States v. Fanfan, 2004 WL 1713654 (U.S. Aug. 2, 2004).

In Blakely, the Supreme Court applied the rule of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), to invalidate a sentencing enhancement, imposed pursuant to state law, that increased the sentence beyond the range authorized by Washington state's statutory sentencing guidelines regime. The Court explained that, because the facts supporting the enhancement were "neither admitted by [the defendant] nor found by a jury," the sentence violated the Sixth Amendment right to trial by jury. 124 S. Ct. at 2533.

The circuits have split on the applicability of Blakely to sentences imposed under the federal Guidelines. See United States v. Pineiro, 377 F.3d 464 (5th Cir. 2004) (holding that Blakely does not invalidate the federal Sentencing Guidelines); United States v. Koch, 383 F.3d 436, (6th Cir. 2004) (same); United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004) (same); United States v. Mincey, 380 F.3d 102 (2d Cir. 2004) (because the Supreme Court soon

will issue a decision on the applicability of Blakely to the Guidelines, the district courts of the Second Circuit should adhere to the of the circuit).[1] But see United States v. Ameline, 376 F.3d 967 (9th Cir. 2004) (finding certain provisions of the Guidelines unconstitutional, but concluding that it need not invalidate the Guidelines in their entirety, instead severing the "procedural aspects of applying the Sentencing Guidelines [that] violate [defendant's] Sixth Amendment right to a jury trial"); United States v. Booker, 375 F.3d 508 (7th Cir. 2004) (holding the Guidelines unconstitutional, but reserving the issue of severability).

A panel of the Eighth Circuit in United States v. Mooney, No. 02-3388, 2004 WL 1636960 (July 23, 2004), held the Guidelines unconstitutional in their entirety as applied to sentence enhancements based on facts not admitted by the defendant or determined by a jury beyond a reasonable doubt. However, on August 6, 2004, this Court vacated the panel opinion in Mooney and announced that the case would be argued en banc at a time to be announced.[2]

---

[1]The Second Circuit had previously certified its questions regarding the applicability of the Blakely rule to Guideline sentences to the Supreme Court. United States v. Penaranda, 375 F.3d 238 (2d Cir. 2004). However, it concluded in Mincey that it was appropriate to give district courts guidance pending Supreme Court resolution.

[2]On August 16, 2004 the Eighth Circuit also vacated the panel decision in United States v. Pirani, No. 03-2871EA (8th Cir. August

Pending the Supreme Court's resolution of Booker and Fanfan, because of prior precedent and the express reservation regarding the federal Guidelines in Blakely, see 124 S. Ct. at 2538 n.9 ("[t]he Federal Guidelines are not before us, and we express no opinion on them"), this Court must enforce past precedent. The Supreme Court has consistently upheld the Guidelines against constitutional attack and underscored their unique status within our constitutional scheme. See, e.g., Mistretta v. United States, 488 U.S. 361 (1989). Indeed, the Supreme Court has found that so long as a sentence does not exceed the statutory maximums established by Congress for the offense of conviction, a Guidelines sentence can (in fact, sometimes must) be based on judge-found conduct not proved to a jury, see Edwards v. United States, 523 U.S. 511, 514-15 (1998); conduct not charged in the indictment, see Witte v. United States, 515 U.S. 389, 399-401 (1995); and conduct of which a defendant is acquitted but is established by a preponderance of the evidence, see United States v. Watts, 519 U.S. 148, 156-57 (1997) (per curiam). Moreover, the Supreme Court has explicitly held that courts are bound not only by the Guidelines, but by their policy statements and commentary as well. Stinson v. United States, 508 U.S. 36, 42 (1993).

This Court is required to follow these precedents. See State Oil Co. v. Khan, 522 U.S. 3, 20 (1997) ("it is [the Supreme

---

5, 2004), which relied on Mooney.

Court's] prerogative alone to overrule one of its precedents"); Agostini v. Felton, 521 U.S. 203, 237 (1997) (courts of appeals must leave to "this Court the prerogative of overruling its own decisions," even if such a decision "appears to rest on reasons rejected in some other line of decisions") (quotations, citations omitted). Indeed, every court of appeals recognizes that it is obliged to follow Supreme Court precedent, even when that precedent may appear to be undermined by subsequent Supreme Court decisions.[3]

Furthermore, the Eighth Circuit -- and all the other courts of appeals[4] -- have held that the federal Guidelines do not violate

---

[3]See, e.g., United States v. Maynie, 257 F.3d 908, 918 (8th Cir. 2001) ("court of appeals should follow controlling Supreme Court precedent even though it may have been called into question indirectly"), cert. denied, 535 U.S. 944 (2002); accord Figueroa v. Rivera, 147 F.3d 77, 81 (1st Cir. 1998); Perez v. Greiner, 296 F.3d 123, 125 n.4 (2d Cir. 2002); Sierra v. Romaine, 347 F.3d 559, 575 (3d Cir. 2003); Fisher v. King, 232 F.3d 391, 397 (4th Cir. 2000); United States v. Rodriguez- Montelongo, 263 F.3d 429, 434 (5th Cir. 2001); United States v. Talley, 275 F.3d 560, 565 (6th Cir. 2001); Scheiber v. Dolby Labs., Inc., 293 F.3d 1014, 1018 (7th Cir. 2002); United States v. Pacheco-Zepeda, 234 F.3d 411, 414 (9th Cir. 2000); Conover v. Aetna US Health Care, Inc., 320 F.3d 1076, 1079 n.2 (10th Cir. 2003); Florida League of Prof'l Lobbyists v. Meggs, 87 F.3d 457, 462 (11th Cir. 1996); U.S. Air Tour Ass'n v. F.A.A., 298 F.3d 997, 1012, n.8 (D.C. Cir. 2002).

[4]See, e.g., United States v. Casas, 356 F.3d 104, 128 (1st Cir. 2004); United States v. Luciano, 311 F.3d 146, 153 (2d Cir. 2002); United States v. Parmelee, 319 F.3d 583, 592 (3d Cir. 2003); United States v. Cannady, 283 F.3d 641, 649 & n.7 (4th Cir. 2002); United States v. Floyd, 343 F.3d 363, 372 (5th Cir. 2003); United States v. Tarwater, 308 F.3d 494, 517 (6th Cir. 2002); United States v. Merritt, 361 F.3d 1005, 1015 (7th Cir. 2004); United States v. Ochoa, 311 F.3d 1133, 1134-36 (9th Cir. 2002); United States v. Mendez-Zamora, 296 F.3d 1013, 1020 (10th Cir. 2002); United States v. Ortiz, 318 F.3d 1030, 1039 (11th Cir. 2003); United States v. Pettigrew, 346 F.3d 1139, 1147 n.18 (D.C. Cir.

the rule of Apprendi. United States v. Piggie, 316 F.3d 789, 791-92 (8th Cir.), cert. denied, 124 S. Ct. 157 (2003). The Eighth Circuit reasoned that Apprendi simply required that the final sentence must not exceed the statutory maximum for the offense of conviction. Id.; accord United States v. Diaz, 296 F.3d 680, 683 (8th Cir.) (en banc), cert. denied, 537 U.S. 940 (2002); United States v. Banks, 340 F.3d 683, 684-85 (8th Cir. 2003). These decisions, too, bind this Court. Gipson v. KAS Snacktime Co., 171 F.3d 574, 576 n.3 (8th Cir. 1999) (panel decisions are precedent in the circuit "[u]ntil modified or overruled by the court en banc").

As a consequence, until the Supreme Court holds to the contrary, Blakely does not apply to the Guidelines.

B. Any New Rule Set Forth In *Blakely* Does Not Have Collateral Affect

Even if Blakely were determined to have announced a new rule applying to the United States Sentencing Guidelines, defendant's petition should still be denied. The Supreme Court has long held that its new constitutional decisions are not necessarily applicable to proceedings that had been completed when the new decisions were rendered. See Allen v. Hardy, 478 U.S. 255 (1986) (jury selection rule of Batson v. Kentucky, 476 U.S. 79 (1986), not applicable to cases on collateral review); Solem v. Stumes, 465 U.S. 638 (1984) (custodial interrogation rule of Edwards v.

---

2003).

Arizona, 451 U.S. 477 (1984), not applicable to cases on collateral review); Michigan v. Payne, 412 U.S. 47 (1973) (prophylactic sentencing rule of North Carolina v. Pearce, 395 U.S. 711 (1969), not retroactive); Halliday v. United States, 394 U.S. 831 (1969)(guilty plea acceptance rule of McCarthy v. United States, 394 U.S. 459 (1969), not retroactive); Stovall v. Denno, 388 U.S. 293 (1967)(identification procedure decisions of United States v. Wade, 388 U.S. 218 (1967), and Gilbert v. California, 388 U.S. 263 (1967), not retroactive); Johnson v. New Jersey, 384 U.S. 719 (1966)(interrogation rules of Escobedo v. Illinois, 378 U.S. 478 (1964), and Miranda v. Arizona, 384 U.S. 436 (1966), not retroactive); Tehan v. Shott, 382 U.S. 406 (1966) (Griffin v. California, 380 U.S. 609 (1965), rule against commenting on defendant's failure to testify not retroactive); Linkletter v. Walker, 381 U.S. 618 (1965)(exclusionary rule of Mapp v. Ohio, 367 U.S. 643 (1961), not retroactive).

The governing rule was set forth in Justice O'Connor's plurality opinion in Teague v. Lane, 489 U.S. 288 (1989). Justice O'Connor endorsed Justice Harlan's principles "that new rules should always be applied retroactively to cases on direct review, but that generally they should not be applied retroactively to criminal cases on collateral review." Id. at 303. The latter principle is subject to only two narrow exceptions, which Justice O'Connor adopted from Justice Harlan with some modification.

First, a new rule should be applied to cases on collateral review if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Id. at 311. Second, a new rule should be applied retroactively if it implicates fundamental fairness in a way that seriously affects the likelihood of an accurate conviction. Id. at 312-13. The Supreme Court has limited the class of new rules which concern fundamental fairness to "watershed rules of criminal procedure implicating fundamental fairness and accuracy of the criminal proceeding." It has stated: "Whatever the precise scope of this exception, it is clearly meant to apply only to a small core of rules requiring 'observance of those procedures that . . . are implicit in the concept of ordered liberty.'" Graham v. Collins, 506 U.S. 461, 478 (1993), quoting Teague, 489 U.S. at 311. In Teague, Justice O'Connor stated: "Because we operate from the premise that such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge." 489 U.S. at 313.[5]

Although the relevant portion of Justice O'Connor's opinion was a four-justice plurality opinion, her Teague standards have

---

[5] The Supreme Court, despite many decisions addressing new rules of constitutional law, has yet to find any retroactive under the Teague rule. See Levan v. United States, 128 F. Supp. 2d 270, 277-78 (E.D. Pa. 2001) (collecting cases).

been applied by a majority of the Supreme Court, with some modification for sentencing rules, in a number of cases. See, e.g., O'Dell v. Netherland, 521 U.S. 151 (1997); Graham v. Collins, 506 U.S. 461 (1993); Sawyer v. Smith, 497 U.S. 227 (1990). As the Court explained in O'Dell v. Netherland, "[t]he Teague inquiry is conducted in three steps." 521 U.S. at 156. The first step is to determine whether the defendant's conviction became final prior to the new decision he invokes. If it did not, he is entitled to the benefit of the decision. If it did become final before the new decision, the second step is to determine whether the decision adopts a new rule. If it does not, again he is entitled to the benefit of the decision. If it did adopt a new rule, the third step is to determine whether one of the two narrow exceptions applies. If either exception applies, the defendant is entitled to the benefit of the new decision. If neither exception applies, the defendant is not entitled to the benefit of the decision and the inquiry ends.

In this case, it is undisputed that Petitioner's conviction became final before June 24, 2004, the date of the Blakely decision. Thus, the inquiry moves to the second step.

The Supreme Court has defined a "new rule" as one that was not "dictated by precedent existing at the time the defendant's conviction became final." Graham v. Collins, 506 U.S. at 467; Sawyer v. Smith, 497 U.S. at 234; Teague v. Lane, 489 U.S. at 301

(emphasis in originals). A rule may be new even though it finds general support in prior cases. Sawyer v. Smith, 497 U.S. at 236. The test is whether, at the time Blakely was decided, a "reasonable jurist" would have felt "compelled" to adopt the rule it stated. O'Dell v. Netherland, 521 U.S. at 164; Graham v. Collins, 506 U.S. at 477. Under this standard, Blakely clearly adopted a new rule.

Four years before Blakely, in Apprendi, the Court held that any fact which increases a statutory maximum sentence must be determined by a jury. Subsequently, every circuit court of appeals addressed whether this rule applied to determinations made, as in this case, in order to calculate a sentence under the guidelines within the statutory maximum. Without exception, every court held that the Apprendi rule was inapplicable to the Sentencing Guidelines, so long as the final sentence did not exceed the statutory maximum sentence on any count of conviction.[6] That body of law makes unquestionable that, even if the 5-4 decision in Blakely is ultimately held to require jury determinations regarding

[6] See, e.g., United States v. Casas, 356 F.3d 104, 128 (1st Cir. 2004); United States v. Luciano, 311 F.3d 146, 153 (2d Cir. 2002); United States v. Parmelee, 319 F.3d 583, 592 (3d Cir. 2003); United States v. Cannady, 283 F.3d 641, 649 & n.7 (4th Cir. 2002); United States v. Floyd, 343 F.3d 363, 372 (5th Cir. 2003); United States v. Tarwater, 308 F.3d 494, 517 (6th Cir. 2002); United States v. Merritt, 361 F.3d 1005, 1015 (7th Cir. 2004); United States v. Banks, 340 F.3d 683, 684-65 (8th Cir. 2003); United States v. Ochao, 311 F.3d 1133, 1134-36 (9th Cir. 2002); United States v. Mendez-Zamora, 296 F.3d 1013, 1020 (10th Cir. 2002); United States v. Ortiz, 318 F.3d 1030, 1039 (11th Cir. 2003); United States v. Pettigrew, 346 F.3d 1139, 1147 n.18 (D.C. Cir. 2003).

every enhancement factor under the federal guidelines, that result is not "dictated" by the Apprendi precedent, and reasonable jurists were not compelled to so conclude. Because Blakely therefore constitutes a new rule of procedure, the question remains whether it is subject to either of the exceptions outlined in Teague – for new substantive rules which change the definition of criminal conduct, or for "watershed" rules addressed to matters of fundamental fairness.

That Blakely is not subject to either of these exceptions was essentially determined by the Supreme Court on the same day that it decided Blakely in Schriro v. Summerlin, 124 S. Ct. 2519 (2004). In Schriro, the Court addressed the issue of retroactive application of Ring v. Arizona, 536 U.S. 584 (2002). In Ring, the Court had applied the Apprendi principle to a death sentence imposed under the same Arizona sentencing scheme at issue in Summerlin. The Ring Court concluded that, because Arizona law authorized the death penalty only if an aggravating factor was present, Apprendi required the existence of such a factor to be proved to a jury rather than to a judge.

In Summerlin, the Court determined that Ring presented a new rule of procedure which was not retroactively applicable. First, it confirmed that Ring (and by extension, Apprendi) is in fact a procedural rule subject to Teague. The Court explained that substantive rules "narrow the scope of a criminal statute by

interpreting its terms [or] place particular conduct or persons covered by the statute beyond the State's power to punish . . . ." 124 S. Ct. at 2522. In contrast, rules of procedure "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. at 2523. In a statement directly applicable to Blakely, the Court concluded, "rules that regulate only the *manner of determining* the defendant's culpability are procedural." Id. (emphasis in original). "Ring altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decision making authority in this fashion are prototypical procedural rules . . . ." Id.

Second, the Summerlin Court also rejected the contention that the jury requirement for sentencing factors established in Apprendi and Ring was a "watershed" rule demanding retroactive application. Addressing that exception, the Court stated "[t]hat a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one 'without which the likelihood of an accurate conviction is seriously diminished.' This class of rules is extremely narrow, and 'it is unlikely that any ... 'ha[s] yet to emerge.' Tyler v. Cain, 533 U.S. 656, 667, n. 7, 121 S.Ct. 2478,

150 L.Ed.2d 632 (2001) (quoting Sawyer v. Smith, 497 U.S. 227, 243, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990))." Summerlin, 124 S. Ct. at 2523. The Court held that the jury requirement is not one: "When so many presumably reasonable minds continue to disagree over whether juries are better factfinders *at all*, we cannot confidently say that judicial factfinding *seriously* diminishes accuracy." Id. at 2525 (emphasis in original).

The Summerlin holding would be directly applicable to any decision that Blakely is determined to apply to the United States Sentencing Guidelines.[7] If, as in Summerlin, the requirement that a jury determine an aggravating factor which leads to imposition of the death penalty is not so fundamental to require retroactive application, surely the same rationale would apply to the guideline enhancements at issue here. See also Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004)("[t]he Supreme Court has not made the Blakely rule applicable to cases on collateral review as is

[7] Likewise, every appellate court to address the issue, applying similar reasoning, held that the decision in Apprendi is not retroactively applicable in cases on collateral review. See, e.g., Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003); Coleman v. United States, 329 F.3d 77, 90 (2d Cir.), cert. denied, 124 S. Ct. 840 (2003); United States v. Jenkins, 333 F.3d 151 (3d Cir.), cert. denied, 124 S. Ct. 350 (2003); United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); United States v. Brown, 305 F.3d 304, 307-10 (5th Cir. 2002); Goode v. United States, 305 F.3d 378, 382-85 (6th Cir. 2002); Curtis v. United States, 294 F.3d 841, 842-44 (7th Cir. 2002); United States v. Moss, 252 F.3d 993, 997-1001 (8th Cir. 2001); United States v. Sanchez-Cervantes, 282 F.3d 664, 667-71 (9th Cir. 2002); United States v. Mora, 293 F.3d 1213, 1218-19 (10th Cir. 2002); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001).

required for authorization under § 2244(b)(2)(A) and § 2255 ¶ 8(2)”); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004)(concluding that the Supreme Court has not yet held Blakely to be retroactively applicable, and further noting that, in fact, “the Supreme Court has strongly implied that Blakely is not to be applied retroactively”); see also Garcia v. United States, No. 04-CV-0465, 2004 WL 1752588 at *5 (N.D.N.Y. Aug. 4, 2004)(noting that “because Apprendi does not apply retroactively to collateral attacks and Blakely is an extension of Apprendi, Blakely is similarly limited to prospective application”); United States v. Stancell, – F. Supp. 2d –, 2004 WL 2738828 (D.C. Dec. 2, 2004); United States v. Quintero-Araujo, – F. Supp. 2d –, 2004 WL 2470916 (D. Idaho, Oct. 25, 2004). 2004); Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004)("[t]he Supreme Court has not made the Blakely rule applicable to cases on collateral review as is required for authorization under § 2244(b)(2)(A) and § 2255 ¶ 8(2)"). Indeed, two courts in this district have reached the same conclusion in United States v. Stoltz, 325 F.Supp.2d 982, 986 (D. Minn 2004)(DSD) (Certificate of Appealability granted; on appeal); United States v. Falodun, 2004 WL 2397612 (D. Minn. Oct. 25, 2004) (ADM).

Accordingly, the petition should be denied.

Respectfully submitted,

Dated: January 5, 2004

THOMAS B. HEFFELFINGER
United States Attorney

s/ Joseph Dixon

BY: JOSEPH T. DIXON, III
Assistant U.S. Attorney
Attorney ID No. 0283903