UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 02-5 (DWF/AJB)
Civil No. 04-5102 (DWF)

RECEIVED
BY MAIL
JAN 25 2005
CLERK, US DIST. COURT
ST. PAUL, MN

ANDRE R. LOCKE, Sr. )
Petitioner, )
)
vs. ) TRAVERSE
)
UNITED STATES OF AMERICA, )
Respondent. )

Petitioner, Andre R. Locke, Sr., pro se, hereby submits the following as his Traverse to the government's Response to his §2255 motion.

## I. INTRODUCTION:

Petitioner's §2255 Motion ["§2255"] makes the following specific allegations: (a) that the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004), which holds that the imposition of an enhanced sentence on the basis of judge-found facts violates a defendant's Sixth Amendment rights, and (b) that Petitioner's instant motion challenges his sentence on the grounds that the sentencing guidelines violates the Sixth Amendment insofar as they permit the judge to find facts (other than facts relating to a defendant's criminal history) that determine the defendant's sentencing range.

The government's Response [GR] opposes the Petition, contending that: (a) Blakely does not apply to the Federal Sentencing Guidelines, and (b) Any New Rule Set Forth in Blakely



SCANNED
JAN 25 2005
U.S. DISTRICT COURT ST. PAUL

does not have Collateral affect.

As will be demonstrated below, it is the government's procedural and substantive counterarguments that are without merit.

## A. Blakely Applies to the United States Sentencing Guidelines

In 2000, the United States Supreme Court decided in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, that any fact that increased a defendant's statutory maximum sentence had to be submitted to a jury and proven beyond a reasonable doubt. Unfortunately, the courts soon ruled that in most cases Apprendi did not prevent enhancements under the federal Sentencing Guidelines.

On June 2, 2004, the Supreme Court extended the Apprendi rule in Blakely, to the imposition of a sentencing enhancement under a state sentencing guideline scheme that is similar to the federal sentencing guidelines. The Supreme Court ruled in Blakely's favor, finding the enhancement illegal because it had not been admitted by Blakely or submitted to a jury and proven beyond a reasonable doubt. Although Blakely did not involve the federal sentencing guidelines, many people believed that Blakely also applied to enhancements under the federal guidelines. See United States v. Ameline, 376 F.3d 967 (9th Cir. 2004)(finding certain provisions of the Guidelines unconstitutional, but concluding that it need not invalidate the Guidelines in their entirety, instead severing the "procedural aspects of applying the Sentencing Guidelines [that] violate [defendant's] Sixth Amendment right to a jury trial"); United States v. Booker, 375 F.3d 508 (7th Cir. 2004)(holding the Guidelines unconstitutional, but reserving the

issue of severability). Moreover, the circuits were split on the applicability of Blakely to sentences imposed under the Federal Guidelines. Of particular note, United States v. Booker and United States v. Fanfan.

More importantly, and on January 12, 2005, Justice Stevens delivered the opinion of the Supreme Court in part, in the case of United States v. Booker, and held as such:

> The question presented in each of these cases is whether an application of the Federal Sentencing Guidelines violated the Sixth Amendment. In each case, the courts below held that binding rules set forth in the Guidelines limited the severity of the sentence that the judge could lawfully impose on the defendant based on the facts found by the jury at his trial. In both cases the courts rejected, on the basis of our decision in Blakely v. Washington, 542 U.S. --- (2004), the government's recommended application to the Sentencing Guidelines because the sentences were based on additional facts that the sentencing judge found by a preponderance of the evidence. We hold that both courts correctly concluded that the Sixth Amendment as construed in Blakely does apply to the Sentencing Guidelines. (Slip op. at pgs. 1,2).

Thus, the Supreme Court has concluded that Blakely does apply to the Guidelines.

**B. Retroactivity of Blakely to initial petitions under § 2255**

Respondent argues that "any 'new rule' set forth in Blakely does not have collateral effect" [GR at pg. 6]. Therefore, and under Respondent's analogy, Blakely fails the standard delineated in Teague v. Lane, 489 U.S. 288 (1989), and does not apply to initial 2255 petitions. The problem with this argument is twofold. First, Congress modified § 2255 after Teague through the adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and AEDPA did "not codify the Teague approach

to habeas review wholesale." See O'Brien v. Dubois, 145 F.3d 16, 23 (1st Cir. 1998); cf. Ferrazza v. Tessmer, 36 F.Supp.2d 965, 972 (E.D. Mich. 1999)(Gadola, J.). Of particular note, the plain language of § 2255 militates towards the conclusion that AEDPA did not codify, in particular, Teague's approach to initial petitions under § 2255. Instead, the statute's language merely requires that one condition precedent be met for a petitioner to assert a right, in his initial § 2255 petition, within one year of that right's initial recognition by the Supreme Court. That condition precedent is that the newly-recognized right have been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. (West 2000). If a newly-recognized right, moreover, has already been "made retroactively applicable to cases on collateral review," a Teague analysis (which determines retroactivity) is moot. Jackson v. United States, 129 F.Supp.2d 1053, 1067-68 (E.D. Mich. 2000).

Secondly, this Circuit's law reads that the retroactivity issue is governed by the test explained in Teague, and its progeny. See Nelson v. United States, 184 F.3d 953, 954-55 (8th Cir. 1999). In Nelson, the Court held that Teague applies when the Supreme Court announces a new rule of criminal procedure. Essentially, if a decision announces a "new rule" of criminal procedure, it is not to be applied retroactively to convictions that have already become final when the decision is announced **unless** the new rule falls within one of two narrow exceptions. One exception is applicable when the new rule places certain kinds of primary, private individual's conduct beyond the power of the criminal

law-making authority to proscribe, or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense. The second exception applies when a new "watershed" rule of criminal procedure implicates the fundamental fairness and accuracy of a criminal proceeding. Nelson, supra, at 955. Of particular note, and as clearly pointed out by Respondent's response at page 11:

> Because Blakely therefore constitutes a new rule of procedure, the question remains whether it is subject to either of the exceptions outlined in Teague - for new substantive rules which change the definition of criminal conduct, or for "watershed" rules addressed to matters of fundamental fairness.

Contrary to Respondent's assertion that: "Blakely is not subject to either of these exceptions" contradicts Respondent's earlier admission that: "...The question remains whether it is subject to either of the exceptions outlined in Teague."

Petitioner would argue consistent with the Court's reasoning in Nelson, that Blakely is a new constitutional rule of criminal procedure that is "watershed" and should be given retroactity in cases involving an initial collateral attack because it fits within the second exception set forth in Teague, i.e., it is a matter of fundamental fairness that enhances the accuracy of fact finding, and thus reduces the risk of punishing innocent behavior, by raising the burden of proof from a preponderance of evidence found by the court to a beyond a reasonable doubt determined by the jury on facts that increase the maximum sentence. The important point in Blakely is not so much the jury trial right as it is the burden of proof.

The Petitioner agrees that Blakely did not place the conduct

underlying his criminal conviction beyond the power of the executive or the legislature to make a criminal offense, and therefore the first prong of Teague does not apply. Blakely does, however, fall within the second exception. The Court in Teague, at pgs. 311-312, quoted from Justice Harlan's opinion in Mackey v. United States, 401 U.S. 667, 693-694 (1971), as illustrating the second exception:

> Typically, it should be the case that any conviction free from federal constitutional error at the time it became final, will be found, upon reflection, to have been fundamentally fair and conducted under those procedures essential to the substance of a full hearing. However, in some situations it might be that time and growth in social capacity, as well as judicial perceptions of what we can rightly demand of the adjudicatory process, will properly alter our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction. For example, such, in my view, is the case with the right to counsel at trial now held a necessary condition precedent to any conviction for a serious crime.

Here, the Supreme Court's decision in Blakely corrected what it believed was the growing trend to remove fundamental questions that would determine the length of a criminal sentence from the trier of fact, whether the jury in a jury trial or the trial court in a bench trial or at the time of a guilty plea.

The effect of Blakely is to make clear that under the Fifth and Sixth Amendments, a fundamental "bedrock" concept of ordered liberty requires that factors used to determine a sentence must be pled and proven to the trier of fact beyond a reasonable doubt.

Thirdly, in the case of Lohr v. United States, 336 F.Supp.2d 930, 933 (D. Minn. 2004); citing United States v. Stoltz, 325 F.Supp.2d 928 (D. Minn. 2004), the district court found that: "...There is an open question in this circuit as to whether Blakely

applies retroactively to convictions and sentences on collateral review." Thus, the district court concluded that, whether Lohr can even allege a Blakely claim is a threshold issue which must be resolved prior to any consideration of such a claim on the merits. Id. at 933. Consequently, the Court granted Lohr's request for a Certificate of Appealability on the question of law: Does the decision of the Supreme Court of the United States in Blakely v. Washington, apply retroactive to collateral review of a conviction or sentence?

The key to the question here is what court may decide the issue of retroactivity. The Seventh Circuit in the case of Ashley v. United States, 266 F.3d 671 (7th Cir. 2001) holds that a district court or the court of appeals for first § 2255 petitions, and the Supreme Court need not determine retroactivity. Judge Easterbrook's reasoning was, in part, that permitting a district or appellate court to make the retroactivity decision for an initial petition may be essential to put the question before the Supreme Court for final resolution. District and appellate courts have the time and jurisdiction to apply the retroactivity criteria in Teague. See Nelson, 184 F.3d at 955; declining to apply Old Chief retroactive holding: "Hence, the rule is not retroactive, and is therefore inapplicable on collateral review." Furthermore, and as determined by Judge Easterbrook's decision in Ashley, "Nothing in § 2255 ¶6(3) or § 2244(b)(2)(A) precludes an application asking the district **itself** to hold that a new decision applies retroactively under the principles of Teague. Thus, Nelson requires this Court to follow precedent by deciding the threshold issue of

retroactivity, which must be resolved prior to any consideration of Petitioner's § 2255 on the merits. Lohr, 336 F.Supp.2d at 933. Therefore, the decision in Blakely should be given retroactive application, and applied to the Petitioner in this case. The relief requested by the Petitioner therefore falls within the application of § 2255 ¶6(3), and thus, this Court should address the retroactive application of Blakely to Petitioner's in Motion.

Last, but not least, Respondent's attempt at distinguishing Blakely in Schriro v. Summerlin, 124 S.Ct. 2519 (2004). Here, Respondent's response exaggerates the features distinguishing Blakely in Schriro. First, in Schriro, the Court addressed the retroactive application of Ring v. Arizona, 536 U.S. 584 (2002) to Schriro. The issue of retroactive application of Blakely was never before the Supreme Court in Schriro. Therefore, the Supreme Court was never asked "essentially" to address either of Teague's exceptions, as it relates to Blakely, being applied retroactive in Schriro's case. Moreover, Ring announced a procedural rule to argue that Blakely error is a mere trial error subject to harmless error analysis. Surely Justice Breyer's decision in United States v. FanFan, 543 U.S. ---, Slip. Op. at pp. 25,26 (2005), reaffirms this reasoning.

Nevertheless, Justice Stevens' opinion in Booker makes it perfectly clear that:

> "...While the procedural error in Ring's case might have been harmless because the necessary finding was implicit in the jury's guilty verdict, id., at 609, v. 7, "the characterization of a fact or circumstance as an 'element' or a 'sentencing factor' is not determinative of the question 'who decides,' judge or jury," id., at 605. (Slip Op. at p. 7).

Consequently, the Court in Schriro held that Ring announced a new procedural rule that does apply retroactively to cases already final on direct review because it does not fall within either of the Teague exceptions. As explained above, the second Teague exception is available only if the new rule "alter[s] our understanding of the bedrock procedural elements" 'essential to the fairness of a proceeding.'" Sawyer v. Smith, 497 U.S. 227, 242, 111 L.Ed.2d 193, 110 S.Ct. 2822 (1990)(quoting Teague v. Lane, 489 U.S. 288, 311, 103 L.Ed.2d 334, 109 S.Ct. 1060 (1989) (plurality opinion), in turn quoting Mackey v. United States, 401 U.S. 667, 693, 28 L.Ed.2d 404, 91 S.Ct. 1160 (1971)(Harlan, J., concurring in judgments in part and dissenting in part) (emphasis added).

Under this analogy, the effect of Blakely is to make clear that under the Fifth and Sixth Amendments, a fundamental "bedrock" concept of ordered liberty requires that factors used to determine a sentence must be pled and proven to the trier of fact beyond a reasonable doubt. Thus, Blakely held that the imposition of an enhanced sentence on the basis of judge-found facts violates the Sixth Amendment. Furthermore, by Justice Stevens' implication of In re Winship, 397 U.S. 358, 364 (1970), in Booker, as applied to facts the legislature has chosen not to call "elements," but which the Constitution requires to be treated as such anyway, because of their effect on the punishment mandated by criminal statutes and sentencing procedures. See Booker, Slip Op. at pg. 5. The Supreme Court has held both Winship itself and basic extensions of Winship to be fully retroactive. Hankerson v. North Carolina,

432 U.S. 233, 242-43 (1977); Ivan v. City of New York, 407 U.S. 203 (1972)(per curiam). The retroactivity of applications of Winship also extends, by numerous holdings of the Supreme Court, to cases on collateral review. See Fiore v. White, 531 U.S. 225 (2001)(per curiam)(insufficiency of evidence to prove elements as construed by state court after defendant's conviction became final); Bousley v. United States, 523 U.S. 614 (1998)(voluntariness of plea to offense as newly construed); Yates v. Aiken, 484 U.S. 211 (1998)(retroactive application of case on jury instructions concerning presumption); Pilon v. Bordenkircher, 444 U.S. 1 (1979) (per curiam)(Jackson held retroactive); Jackson v. Virginia, 443 U.S. 307 (1979)(Winship held to require application of reasonable doubt test on collateral review of state convictions); Mullaney v. Wilbur, 421 U.S. 684 (1975)(Winship held retroactively on collateral attack to bar shifting the burden on element of offense). Blakely, even though it announced a "new rule," is another extension and application of Winship and is therefore necessarily retroactive under the holdings of these Supreme Court precedents through Booker. See Justice O'Connor's concurring opinion in Tyler v. Cain, 533 U.S. 656, 669-70 (2001)(this Court instead may 'ma[k]e' a new rule retroactive through multiple holdings that logically dictate the retroactivity of the new rule).

Accordingly, because the rule set forth in Blakely is a core extension of In re Winship, through Booker, this Court should proceed to decide this motion on its merits.

In the instant case, Petitioner only pled guilty to Count one of the government's indictment. On the basis of this admission

alone, the maximum sentence under the Guidelines that the Court could have imposed without any further findings would have been 24-30 months, given a base offense level of 17, with the 3-level reduction for diminished capacity. Instead, this Court imposed a sentence of 78 months on the basis of judge-found facts under a preponderance of the evidence, rather than proof beyond a reasonable doubt.

Therefore, Petitioner respectfully requests that this Honorable Court vacate his sentence and remand his case for resentencing in light of Booker, which now holds that Blakely does apply to the Guidelines, and the imposition of the enhanced sentence that he received on the basis of judge-found facts violates his Sixth Amendment rights to the Constitution of the United States.

Respectfully submitted,

Andre R. Locke Sr.

Andre R. Locke, Sr.